IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

PAUL R. JAMES JR.,

        Plaintiff,

  v.

OFFICER JOHNSON, SUPERINTENDENT HUNT, and OFFICER GREENLAND,

        Defendants.

Case No. 3:25-cv-00067-SLG

**SCREENING ORDER**

On April 3, 2025, self-represented prisoner Paul R. James, Jr. ("Plaintiff") filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff's Complaint alleges Defendants retaliated against him for filing lawsuits against correctional officers employed by the Department of Corrections ("DOC") and alleges their actions violate his Eighth Amendment right to be free from cruel and unusual punishment. The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a plausible claim for which relief may be granted.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[2] of Plaintiff's other cases filed in federal court.[3] After this case was

---

[1] Dockets 1-3.

[2] A court may take judicial notice of its own files and records. Fed. R. Evid. 201.

[3] The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a Pacer login and password in the Clerk's Office during regular business hours.

filed, on May 27, 2025, Plaintiff was notified that he has accumulated at least three strikes.[4] And since filing this case, Plaintiff has filed three additional cases. On June 2, 2025, Plaintiff filed a complaint against former Judge Terrance Haas, Alaska Attorney General Treg Taylor, and Assistant Attorney General Bailey Jennifer Woolfstead.[5] The Court found that Plaintiff failed to demonstrate he meets the imminent danger exception that would allow him to proceed on his claims without prepaying the full filing fee, and further, that even if Plaintiff met the requirements of the exception or prepaid the full civil filing fee, his claims must be dismissed as frivolous.[6] Plaintiff filed a notice of appeal in that case.[7] Additionally, Plaintiff filed two more cases in June 2025, bringing claims against four correctional officers.[8]

The Court has previously provided Plaintiff with statements of deficiencies and specific instructions on how to properly state a claim, but Plaintiff continues to demonstrate an inability or unwillingness to understand and follow the Court's orders. The Court recognizes that pleadings filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency

---

[4] *See James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG, Docket 4 at 16 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 3:22-cv-00-JMK, 3:22-cv-00269-JMK, and 3:25-cv-00012-SLG).

[5] *James v. Haas, et al.,* Case No. 3:25-cv-00109-SLG.

[6] *Id.,* Docket 4.

[7] Docket 6.

[8] *James v. Loutzenhiser, et al.,* Case No. 3:25-cv-00112-SLG; *James v. Flowerdew*, Case No. 3:25-cv-00130-SLG.

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 2 of 15
Case 3:25-cv-00067-SLG    Document 5    Filed 08/14/25    Page 2 of 15

toward those without legal training.[9] However, this leniency does not require the Court to rewrite deficient pleadings.[10] Additionally, Plaintiff's pattern of filing similar claims alleging various correctional officers are all retaliating against him because he keeps suing them undermines the credibility of his current allegations. The Court cannot indefinitely entertain or address Plaintiff's repeated and unfounded filings. However, the Court will accord Plaintiff **60 days** to file an amended complaint in this case as to only Claims 1 and 2 against Officer Johnson and Superintendent Jones, respectively. Plaintiff's Claim 3 against CO Greenland is dismissed without leave to amend and must not be included in an amended complaint. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[11] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[9] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[10] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[11] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 3 of 15
Case 3:25-cv-00067-SLG   Document 5   Filed 08/14/25   Page 3 of 15

> (iii) seeks monetary relief against a defendant who is immune from such relief.[12]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[13] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[14] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[15] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[16]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[17] Futility exists when

---

[12] 28 U.S.C. § 1915(e)(2)(B).

[13] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[14] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[15] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[16] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[17] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 4 of 15
Case 3:25-cv-00067-SLG     Document 5     Filed 08/14/25     Page 4 of 15

"the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[19] A complaint that is "verbose, confusing and conclusory" violates Rule 8.[20] Although the Court must construe complaints filed by self-represented plaintiffs filings liberally, it is not required to sift through disorganized or incoherent material to construct claims on a litigant's behalf.[21] A complaint may be dismissed under Rule 8 even if the court can "identify a few possible claims."[22] A complaint must give each defendant fair notice of what the plaintiff's claim against that specific defendant is and the grounds upon which that claim rests.[23]

In Claim 1, Plaintiff alleges that from January 2025 through March 2025, Correctional Officer ("CO") Johnson tried to get Plaintiff fired from his job working in the kitchen at the Goose Creek Correctional Center ("GCCC") for filing lawsuits

---

[18] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

[21] *See Johnson v. United States*, 544 U.S. 295, 296 (2005); *Garfinkle v. Super. Ct. of Nev.,* 556 F.2d 1215, 1216 (9th Cir. 1977).

[22] *McHenry,* 84 F.3d at 1179.

[23] *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512 (2002).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 5 of 15
Case 3:25-cv-00067-SLG    Document 5    Filed 08/14/25    Page 5 of 15

against DOC employees.[24] Plaintiff claims CO Johnson threatened to place him in administrative segregation and said that Plaintiff should have all his paperwork and phone privileges taken away from him so he cannot keep filing lawsuits.[25] In Claim 2, Plaintiff alleges that Superintendent Jones failed to address the retaliation by Officer Johnson, thereby also retaliating against him. In Claim 3, Plaintiff alleges that on January 24, 2025, CO Greenland refused to notarize his legal documents to prevent him from pursuing his claims in federal court.[26] For all three claims, Plaintiff asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated.

For relief, Plaintiff seeks $200,000 in damages, $300,000 in punitive damages, an order summoning Defendants under Rule 4 of the Federal Rules of Civil Procedure, and a declaration of his "14th Amendment Class Action Right(s)." Under "other" requests for relief, Plaintiff lists 28 U.S.C. § 1915 (authorizing the commencement of cases without prepayment of fees and costs) and several other laws that are inapplicable to this case without explanation.[27]

---

[24] Docket 1 at 3.

[25] Docket 1 at 3.

[26] Docket 1 at 5.

[27] 28 U.S.C. § 2409a (allowing individuals to file a civil action against the United States to quiet title to real property); 28 U.S.C. § 1346 (giving federal district courts jurisdiction over certain lawsuits against the United States); 26 U.S.C. § 7424 (allowing the United States to intervene in a civil action when a property subject to a federal tax lien is involved in another civil dispute); 28 U.S.C. § 2410 (allowing the United States to be named as a party in certain civil actions involving real or personal property on which the United States has or claims a mortgage or other lien); and 26 U.S.C. § 3401(b) (defining "wages" for federal income tax withholding purposes).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 6 of 15
Case 3:25-cv-00067-SLG   Document 5   Filed 08/14/25   Page 6 of 15

### A. Retaliation Claims

A prisoner may bring allegations of retaliation against his right to file grievances or access the courts under the First Amendment. To prevail on such a claim, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements for each defendant:

(1) the plaintiff was engaged in conduct protected under the First Amendment;

(2) the defendant took adverse action against the plaintiff;

(3) the defendant took adverse action against the plaintiff because of the plaintiff's protected conduct;

(4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and

(5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[28]

Plaintiff's Complaint does not allege facts that, if accepted as true, support a plausible claim of retaliation under the First Amendment against any Defendant. Plaintiff's Complaint fails to allege any facts that indicate his ability to access the Courts has been in any way chilled by a Defendant's alleged actions. To the contrary, Plaintiff's voluminous filings in federal court demonstrate his ready

---

[28] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.11A (Particular Rights—First Amendment—Convicted Prisoner/Pretrial Detainee's Claim of Retaliation) and the cases cited therein.

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 7 of 15
Case 3:25-cv-00067-SLG    Document 5    Filed 08/14/25    Page 7 of 15

access to this forum.

Moreover, if Plaintiff is claiming that some other constitutional right was violated by the alleged retaliation of Officer Johnson, claims of retaliatory actions by prison officials are legally frivolous unless the complaint implicates some right that exists under the federal Constitution.[29] It is well established that a prisoner's expectation of keeping a specific prison job, or any job, does not implicate a property or liberty interest under the Fourteenth Amendment.[30] Nor does the termination of a prisoner from a specific prison job constitute cruel and unusual punishment in violation of the Eighth Amendment.[31] Further, the nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."[32] Prison officials have broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests. Further, a defendant in a civil rights action is liable only if he or she personally participated in the alleged constitutional

---

[29] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

[30] *James v. Quinlan*, 866 F.2d 627, 630 (3rd Cir.); *Coakley v. Murphy,* 884 F.2d 1218, 1210 (9th Cir. 1989) (no constitutional right to continuation in work release program to implicate property interest under Fourteenth Amendment).

[31] *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (rejecting prisoner's argument that the emotional trauma and financial injury caused by the denial of anticipated work release, along with the additional nine months of incarceration before the prisoner's parole, constituted cruel and unusual punishment, because the prisoner's "disappointment does not offend the standards of decency in modern society").

[32] *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice,* 40 F. 3d 72, 74 (4th Cir.1994)).

deprivation.[33] A supervisor cannot be held liable for the actions of subordinates solely because of his or her supervisory role.[34] Likewise, the mere denial or rejection of a prisoner grievance concerning another official's alleged misconduct does not, without more, constitute personal participation in the underlying violation.[35] A prison official's failure to intervene in another officer's alleged misconduct is actionable only if the official had an opportunity and realistic means to prevent the harm and nonetheless failed to act.[36] Where no such opportunity exists, there is no independent constitutional violation.

For these reasons, Plaintiff's Complaint fails to state a viable constitutional claim against CO Johnson or Superintendent Jones. Although amendment is likely futile,[37] the Court grants Plaintiff leave to revise his claims only against these two Defendants in an amended complaint.

---

[33] *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation.").

[34] *See Wood v. Yordy,* 753 F.3d 899, 905 (9th Cir. 2014) (affirming dismissal where prisoner failed to show a causal connection between protected conduct and adverse action).

[35] *See Peralta v. Dillard,* 744 F.3d 1076, 1086–87 (9th Cir. 2014) (en banc) (reviewing grievance does not itself cause or contribute to constitutional injury where official had no duty or ability to remedy underlying issue).

[36] *Robins v. Meecham,* 60 F.3d 1436, 1442 (9th Cir. 1995).

[37] *Cf. Williams v. California*, 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile."). *See also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 9 of 15
Case 3:25-cv-00067-SLG     Document 5     Filed 08/14/25     Page 9 of 15

### B. Plaintiff's claim against CO Greenland is DISMISSED without leave to amend

In Claim 3, Plaintiff alleges that CO Greenland violated his Eighth Amendment Right to be free from cruel and unusual punishment by refusing to notarize a power of attorney form, a Rule 53(a) Special Masters Judge Appointment form, and other legal documents. As the Court has informed Plaintiff, the purpose and relevance of these filings are unclear to the Court,[38] and there is no requirement that any of Plaintiff's filings with this Court be notarized.[39] Based on Plaintiff's narrative, the Court finds no additional facts could be added that could amount to a plausible constitutional violation based on CO Greenland's refusal to notarize Plaintiff's documents. Therefore, Claim 3 is DISMISSED without leave to amend.

### II. Plaintiff's Motion at Docket 4

On May 20, 2025, Plaintiff filed a motion to raise claims of retaliation and harassment in which he repeats his allegations that correctional officers are harassing him, retaliating against him, and threatening his life.[40] Plaintiff further alleges that none of the Goose Creek sergeants or superintendents are stopping the retaliatory actions, but are instead all acting together to violate his rights.

---

[38] *See, e.g., James v. Dial, et al.,* Case No. 3:24-cv-00221-SLG, Docket 11 at 2-7.

[39] *See e.g., James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG, Docket 4 (explaining that "Rule 11 of the Federal Rules of Civil Procedure requires that every pleading, written motion, and other paper must be signed by a self-represented litigant, but there is no requirement for notarization").

[40] Docket 4 (cleaned up).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 10 of 15
Case 3:25-cv-00067-SLG    Document 5    Filed 08/14/25    Page 10 of 15

As with Plaintiff's previous filings, the motion at Docket 4 does not comply with the Federal Rules of Civil Procedure or the Local Civil Rules.[41] Plaintiff does not include a brief statement of the requested relief, or even clearly articulate a request for relief. For nondispositive motions, Plaintiff should include a proposed order that sets forth the precise relief he is seeking. *See* Local Civil Rule 7.1(b).

For these reasons, Plaintiff's motion at Docket 4 is DENIED.

### III.     Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[42] A complaint must allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[43] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially

---

[41] *See* Fed. R. Civ. P. 7(b)(1) (("A request for a court order must ... state with particularity the grounds for seeking the order" and "state the relief sought."); Alaska Local Civil Rule 7.1(a) (requiring all written motions and oppositions to include "a brief statement" of the requested relief and supporting authorities); Local Civil Rule 7.5 (requiring all filings to be double-spaced, 13-point font, and have margins of at least 1 inch around all text).

[42] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[43] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 11 of 15
Case 3:25-cv-00067-SLG     Document 5     Filed 08/14/25     Page 11 of 15

numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[44] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff is being given an opportunity to file an amended complaint as to Defendants Johnson and Jones only. He must not expand the scope of the case by alleging new claims against additional parties. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. Plaintiff must not attempt to bring claims on behalf of any other prisoner or a class of prisoners.

If Plaintiff chooses to file a First Amended Complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s) and enter an order for the collection of the filing fee. Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's **Complaint is DISMISSED f**or failure to state a claim.

---

[44] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 12 of 15
Case 3:25-cv-00067-SLG    Document 5    Filed 08/14/25    Page 12 of 15

2. **Claim 3 as to Officer Greenland is DISMISSED with prejudice**.

3. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises **only Claims 1 and/or 2**. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED**.

6. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[45] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

7. Plaintiff has accumulated **THREE STRIKES** and must not file any new cases in any federal court without prepaying the filing fee unless he demonstrates

---

[45] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 13 of 15
Case 3:25-cv-00067-SLG    Document 5    Filed 08/14/25    Page 13 of 15

that he is under imminent danger of serious physical injury at the time of filing of the complaint, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the court.

8. Plaintiff's motion at **Docket 4 is DENIED.**

9. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[46] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[47] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Amended Complaint Under

---

[46] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[47] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00067-SLG, *James v. Johnson, et al.*
Screening Order
Page 14 of 15
Case 3:25-cv-00067-SLG   Document 5   Filed 08/14/25   Page 14 of 15

the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 14th day of August, 2025, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE